UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA B. MARTINEZ, et al., | Case No. 1:22-cv-00440-JLT-SAB |
| Plaintiffs, | ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO SUBSTITUTE, DISMISS, AND REMAND |
| v. | |
| KAWEAH DELTA MEDICAL CENTER, et al., | (Doc. 4) |
| Defendants. | |

Juana B. Martinez, as individual and as successor-in interest to the Estate of Dionicio Santillan, Luisa Patgher, and Maria E. Santillan allege that Defendants were negligent in their care of decedent Dionicio Santillan, which resulted in his death. Upon removal to and remand by this Court, Plaintiffs filed an amended medical malpractice action in state court, which was again removed to this Court. (Doc. 1.) Pending before the undersigned is a motion to substitute, dismiss, and remand filed by the United States of America as the substituted party for Niraj M. Patel, M.D.[1] (Doc. 4.) The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, the United States' motion is **GRANTED**.

I.      **Background**

Plaintiffs' First Amended Complaint alleges medical negligence by Defendants concerning

---

[1] As noted below, the parties do not dispute that the United States should be substituted as the proper Defendant in place of Patel. Accordingly, the Court will direct the Clerk to reflect on the docket the United States as a Defendant and to terminate Patel as a Defendant.

1

1   Decedent's treatment at Kaweah Delta Medical Center, where he ultimately died of respiratory failure
2   on or about April 14, 2018. (Doc. 1-1 at 8.) On September 26, 2018, Plaintiffs were informed that the
3   negligence of Kaweah hospital staff was the probable cause of Decedent's death. (*Id*.) This action was
4   initially filed on June 24, 2019 in Tulare County Superior Court against Kaweah, Gregory Warner,
5   M.D., and DOES 1 to 10. (Doc. 1-1 at 24; Doc. 7 at 2.) A First Amended Complaint was filed on
6   August 7, 2019 to reflect Kaweah's correct legal name. (Doc. 1-1 at 23; Doc. 7 at 2.) On June 21,
7   2021, Niraj Patel, M.D. was substituted for DOE 1 as a party to the FAC. (Doc. 1-1 at 17; Doc. 7 at 3.)
8   Plaintiffs filed an administrative claim with the Department of Health and Human Services in July
9   2021. (Doc. 4-2.) The case was subsequently removed to this Court by the United States based on the
10  argument that Patel was acting in the capacity of a federal employee and accordingly, the claim arose
11  under the Federal Tort Claims Act. *See Martinez v. Kaweah Delta Med. Ctr.*, No. 1:21-CV-01601-
12  EPG, 2021 WL 6118650 (E.D. Cal. Dec. 27, 2021). The United States was substituted for Patel,
13  claims against the United States were dismissed, and the remaining claims were remanded back to
14  state court. *Id*.

15  On February 3, 2022, Plaintiffs substituted Patel for DOE 2 as a party to the FAC. (Doc. 1-1 at
16  16.) On April 14, 2022, the United States again removed the action to this Court. (Doc. 1.) On April
17  27, 2022, the United States filed the instant motion to dismiss under Federal Rule of Civil Procedure
18  12(b)(6), arguing in large part that Plaintiffs' claims against the United States are time-barred under 28
19  U.S.C. § 2401(b). (Doc. 4-1 at 4-5.) The United States also contend that Plaintiffs fail to plausibly
20  assert claims against the United States. (*Id*. at 6-7.) Plaintiffs filed an opposition on May 4, 2022,
21  arguing that at the time they filed their complaint in state court, they were "truly ignorant of Patel's
22  involvement in Decedent's treatment and death." (Doc. 7 at 2.) As such, Plaintiffs contend that their
23  claims against Patel accrued "from the time they became aware of Patel's involvement." (*Id*.)
24  Plaintiffs also argue they asserted sufficient claims to "prove" Patel's involvement in the negligent
25  treatment of Decedent. (*Id*. at 4-5.) The United States filed a reply on May 13, 2022. (Doc. 8.)

26  **II.     Legal Standards**
27        **A.     Motion to Dismiss**
28        A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d

2

729, 732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. Porterville of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

"The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**B.     Federal Tort Claims Act**

"The [FTCA] provides that the United States may be held liable for "personal injury... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Veasley v. United States*, 201 F.Supp.3d 1190, 1200 (S.D. Cal. 2016), appeal dismissed, 2017 WL 4541450 (9th Cir. Aug. 7, 2017) (quoting 28 U.S.C. § 1346(b)(1)); *see also*

3

*Tunac v. United States*, 897 F.3d 1197, 1203 (9th Cir. 2018) (the FTCA specifically grants jurisdiction on the district court to hear claims of medical negligence). Under the FTCA, a tort claim against the United States must be presented to the appropriate federal agency within two years of the claim accruing. 28 U.S.C. § 2401(b).[2]

### III.   Discussion and Analysis

#### A.   Motion to Substitute

Consistent with this Court's prior order, it is proper to substitute the United States for Patel in this action. As the Court explained:

> The parties do not dispute that Patel is an employee of the Public Health Service under 42 U.S.C. § 233(g). Moreover, there is no dispute that the United States is the proper Defendant in place of Patel and that this action must proceed as one pursuant to the Federal Tort Claims Act (FTCA). *See G.H. ex rel. Hernandez v. Sutter Davis Hosp.*, 2015 WL 4078273, at *2 (E.D. Cal. July 6, 2015) (noting that, under § 233, action against various employees of a supported health center and grantee of the United States Department of Health and Human Services was properly considered a tort action against the United States, with the FTCA providing the exclusive remedy); (Doc. 13, p. 3 – Plaintiffs' Opposition Brief ("On November 2, 2021, the United States Attorney's office removed this matter to the United States District Court, Eastern District of California, after a determination was made that Dr. Patel was acting in the capacity of a federal employee. This required the United States of America to be substituted into the action in lieu of Dr. Patel.")).

*Martinez*, 2021 WL 6118650, at *1. Indistinguishably, the parties do not dispute Patel's status or the substitution of the United States as a proper Defendant. (*See* Doc. 7 at 3-4 ("Once the complaint is filed the United States is substituted as the defendant."); Doc. 8 at 1.) Accordingly, the United States' motion to substitute is **GRANTED**.

#### B.   Motion to Dismiss

The United States contends that Plaintiffs did not present their claims to the Department of Health and Human Services within two years of their claims against Patel accrued. (Doc. 4-1 at 4-5.) As such, they assert that Plaintiffs' claims against it must be dismissed as untimely pursuant to 28 U.S.C. § 2401(b). (*Id.* at 4.) Notably, the parties do not dispute the applicable limitations period, nor do they dispute that an FTCA claim accrues when the plaintiff has discovered the injury and its cause. (*See* Doc. 4-1 at 4-5; Doc. 7 at 4.) The dispute appears to be when discovery of the cause occurs.

---

[2] A plaintiff must also exhaust his administrative remedies under 28 U.S.C. § 2675(a), however, the parties do not dispute that this requirement has been met.

Plaintiffs argue that their limitations period began to run on May 25, 2021, when they discovered that Patel was liable for the death of Decedent, making Plaintiffs' claims timely. (Doc. 7 at 4.) The United States avers that a plaintiff need not have knowledge of legal fault or the alleged tortfeasor's identity for a claim to accrue. (Doc 4-1 at 5; Doc. 8 at 2.)

Under the FTCA, a tort claim against the United States must be presented to the appropriate federal agency within two years of the claim accruing. 28 U.S.C. § 2401(b). It is established in the Ninth Circuit that FTCA claims for medical malpractice accrue "when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." *Tunac*, 897 F.3d at 1206 (quoting *Landreth ex rel. Ore v. United States*, 850 F.2d 532, 533 (9th Cir. 1988)); *see also Winter v. United States*, 244 F.3d 1088, 1090 (9th Cir. 2001) ("It is well settled that the limitations period begins to run when the plaintiff has knowledge of injury and its cause, and not when the plaintiff has knowledge of legal fault.") (quoting *Rosales v. United States*, 824 F.2d 799, 805 (9th Cir. 1987)). "Discovery of the cause of one's injury . . . does not mean knowing who is responsible for it. The 'cause' is known when the immediate physical cause of the injury is discovered." *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984) (cited with approval in *Tunac*, 897 F.3d at 1206). Finally, the burden of proof rests on the party seeking to avoid the statute of limitations. *ACT 898 Prod., Inc. v. WS Indus., Inc.*, 774 F. App'x 1012, 1015 (9th Cir. 2019).

Plaintiffs rely on *United States v. Kubrick*, 444 U.S. 111 (1979) and *In re Swine Flu Prod. Liab. Litig.*, 764 F.2d 637 (9th Cir. 1985) in asserting that they were "ignorant of Patel's involvement" and that it was not until May 25, 2021 that they became aware that "Patel was instead liable for [the] death of Decedent." (Doc. 7 at 4.) Neither case supports this argument.[3]

In *Kubrick*, the plaintiff suffered a hearing loss in 1968 after being treated for a leg infection at a Veterans' Administration hospital. 444 U.S. at 113-14. In January 1969, the plaintiff learned that the

---

[3] The critical issue in *Swine Flu* was whether a claim accrued at the time of injury or "at the time when he discovered, or in the exercise of reasonable diligence should have discovered, both the injury and the cause of [injury]." 764 F.2d at 639. The Ninth Circuit followed *Kubrick* and other Ninth Circuit decisions in applying the "discovery rule" to reverse the district court's grant of summary judgment. *Id*. at 642. However, the parties do not dispute that the "discovery rule" is applicable to this action. Moreover, the remaining issue in *Swine Flu* was when the plaintiff should have reasonably discovered the cause of the injury. The Court need not answer that question here because the parties do not dispute that the cause of the injury was discovered on September 26, 2018. (*See* Doc. 1-1 at 8; Doc. 4-1 at 5; Doc. 7 at 2.)

hearing loss was likely due to the use of the antibiotic neomycin. *Id*. at 114. The plaintiff brought a FTCA claim in 1972 and the district court returned judgment in his favor, rejecting the Government's argument that the plaintiff's claim was barred because it accrued in January 1969, when the plaintiff first learned the injury had probably resulted from neomycin. *Id*. at 115. The court instead held that the claim did not accrue until the plaintiff's conversation with a physician in June 1971, before which the plaintiff had "no reason to suspect" negligence. *Id*. at 116. The Court of Appeals affirmed, holding that "if a medical malpractice claim does not accrue until a plaintiff is aware of his injury and its cause, neither should it accrue until he knows or should suspect that the doctor who caused the injury was legally blameworthy[.]" *Id*. at 116, 121. Critically, the United States Supreme Court reversed the Court of Appeals' judgment, clarifying that an FTCA claim accrues when the plaintiff "knows both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute medical malpractice." *Id*. at 111-12. Accordingly, the Court held that the plaintiff's claim accrued in January 1969, once the plaintiff knew that the probable cause of his hearing loss was due to the administration of neomycin. *Id*.

*Kubrick* does not support Plaintiffs' argument that their claim accrued upon learning that Patel was "liable" for Decedent's death. In fact, *Kubrick* specifically rejected this notion. It is undisputed that Plaintiffs were aware of Decedent's injury and its probable cause no later than September 26, 2018. According to the FAC, "[o]n or about September 26, 2018 the California Department of Public Health completed an investigation survey and sent notice to [Decedent's] family notifying them that they found hospital staff to be deficient in planning and implementing care and in administering asthma medications to [Decedent]." (Doc. 1-1 at 8.) Plaintiffs' discovery of the cause does not require knowledge of who was at fault. *Dyniewicz*, 742 F.2d at 486 ("Discovery of the cause of one's injury . . . does not mean knowing who is responsible for it.") Thus, Plaintiffs' claim accrued on September 26, 2018, when Plaintiffs learned the probable cause of Decedent's death. Because the statute of limitations had run when Plaintiffs filed their claim with HHS in July 2021, the claims are time-barred by 28 U.S.C. § 2401(b) and must be dismissed.[4]

---

[4] Because the claims are hereby dismissed, the Court will not address the United States' arguments regarding the sufficiency of Plaintiffs' FAC claims pursuant to Rule 8 of the Federal Rules of Civil Procedure. (Doc. 4-1

Plaintiffs also argue that "there was no way for Plaintiffs to know that Patel was employed by a federally funded clinic that would require FTCA compliance." (Doc. 7 at 4.) This is not relevant to the determination of when a FTCA claim accrued. Furthermore, Plaintiffs previously raised a similar argument, which was addressed by this Court. *See Martinez,* 2021 WL 6118650, at *3 (recognizing Plaintiffs' argument that they "could not have anticipated and did not know of Patel's federal affiliation when litigating this case in state court" and holding that "a court may not 'proceed in the absence of fulfillment of the [FTCA's] conditions merely because dismissal would visit a harsh result upon the plaintiff.'") (quoting *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006)) (modification in original). The cases cited by the United States are also instructive. *See, e.g., Dyniewicz,* 742 F.2d at 487 (holding that "ignorance of the involvement of United States employees is irrelevant" to the accrual of a claim); *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (same); *Tunac,* 897 F.3d at 1206 ("[t]he plaintiff need not know who caused the injury"). Therefore, Plaintiffs have not met their burden and the United States' motion to dismiss is **GRANTED**.

### C. Motion to Remand

The United States requests that Plaintiffs' claims against the remaining Defendants be remanded to state court. (Doc. 4 at 7.) This action was removed pursuant to 42 U.S.C. § 233(c) "because the Complaint arises from the performance of medical functions by a deemed employee of the Public Health Service acting within the course and scope of such employment." (Doc. 1 at 2.) Because Plaintiffs have failed to state a cognizable claim against the United States—the only claim providing a basis for this Court's original jurisdiction—the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims. *Martinez*, 2021 WL 6118650, at *4 (citing *Medina v. United States*, 2020 WL 6544497, at *2 (E.D. Cal. Nov. 6, 2020); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001)). To this extent, the United States' motion to remand is **GRANTED** and the remainder of Plaintiffs' action is remanded to state court.

### IV.  Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1. The Clerk of Court is directed to terminate Niraj M. Patel, M.D. as a Defendant on

---

at 6-7.)

        the docket and list the United States of America as a Defendant.

2. Defendant United States' motion to substitute, dismiss, and remand (Doc. 4) is **GRANTED** and Plaintiffs' claims against the United States are **DISMISSED** without prejudice.

3. The Clerk of Court is directed to **REMAND** the remainder of this action to the Tulare County Superior Court and close this action.

IT IS SO ORDERED.

Dated: **October 28, 2022**

UNITED STATES DISTRICT JUDGE

8